# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAD AGINIGA, | Case No. 2:18-cv-02436-JAD-CWH |
| Plaintiff, | |
| v. | **REPORT & RECOMMENDATION** |
| CPS, et al., | |
| Defendants. | |

Presently before the court is plaintiff Chad Aginiga's Motion/Application to Proceed *In Forma Pauperis* (ECF No. 1), filed December 28, 2018. Under 28 U.S.C. § 1915(a)(1) and Local Special Rule ("LSR") 1-1, a plaintiff seeking to proceed *in forma pauperis* must complete the requisite application. Here, plaintiff's application is incomplete, as plaintiff did not fully complete the "other income" section of the application. Further, having reviewed plaintiff's complaint (ECF No. 1-1), the court finds that plaintiff has not invoked the court's jurisdiction.

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-

matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3). Here, plaintiff has not demonstrated that this action involves a federal question or that the action is subject to diversity jurisdiction. Therefore, the court will recommend dismissal.

IT IS THEREFORE RECOMMENDED that plaintiff Chad Aginiga's case be dismissed without prejudice.

## **NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

Dated: January 7, 2019.

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE